UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FLOYD BEECH and MARION BEECH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-1144 |
| ) | Judge Aleta A. Trauger |
| CITY OF FRANKLIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The City of Franklin, Tennessee ("City") has filed a Motion to Dismiss (Docket No. 7), to which Floyd and Marion Beech have filed a Response (Docket No. 9), and the City has filed a Reply (Docket No. 11). The City has also filed a Motion for Sanctions (Docket No. 8), to which the Beeches have filed a Response (Docket No. 10). For the reasons herein, the court will grant the Motion to Dismiss and deny the Motion for Sanctions.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

This is the second federal lawsuit and third lawsuit that the Beeches have filed based on the City of Franklin's failure to stop Calvin Malone, who is not a defendant in this case, from operating a barbershop out of his home at or near the corner of Park Street and 11th Avenue South in Franklin ("Malone Property"). The Beeches formerly owned a home at the same corner, across the street from the Malone Property ("Former Beech Property"). The Malone Property has a street address and approved driveway outlet on Park Street, and the Former Beech Property has a street address and approved driveway outlet on 11th Avenue. Although they no longer own the

---

[1] The underlying facts of the case are taken primarily from the Complaint. (Docket No. 1.) Except where otherwise noted, the facts are accepted as true for purposes of the Motion to Dismiss. The court takes judicial notice of the relevant filings in the prior federal case between these parties arising out of the same facts. *See* Fed. R. Evid. 201(b)(2).

Former Beech Property, the Beeches continue to own other 11th Avenue property. (Docket No. 1 ¶¶ 3–5.)

The Malone Property and Former Beech Property have historically been zoned GR [General Residential] and are now located within the City's R-6 Historic Core Residential district. (*Id.* ¶ 6.) The Beeches claim that Malone's operation of a home barbershop on a general residential/historic core residential property is unlawful. (*Id.* ¶¶ 23–24.) At some point, Malone added to his property a concrete parking area that extended to an outlet onto 11th Avenue. The Beeches maintain that the parking area and 11th Avenue outlet are, like the barbershop, unlawful. (*Id.* ¶¶ 27–28.) The Beeches have identified some additional alleged violations related to the operation of Malone's business in a residential area, including improper signage, use of improper outdoor lighting, and the lack of an applicable permit. (*Id.* ¶ 29.)

The Beeches have repeatedly urged the City to enforce its zoning laws against Malone, and, while those efforts have yielded some minor successes—such as a notice of violation against Malone in 2010 and the City's forcing Malone to remove a portion of his parking area— the Beeches' efforts have not been enough to induce the City to end or significantly curtail Malone's operation of the barbershop or his maintenance of an unauthorized outlet onto 11th Avenue. (*Id.* ¶¶ 30–37, 41.)

Unable to convince the City to take their preferred course of action, the Beeches resorted to the courts—the plural, in this instance, being quite literal. The details of the prior litigation between the parties are summarized by the Sixth Circuit in *Beech v. City of Franklin, Tennessee*, 687 F. App'x 454, 455–56 (6th Cir. 2017) ("*Beech I*"). On November 5, 2012, the Beeches filed a suit for abatement of a nuisance and a writ of mandamus in Williamson County Chancery Court, naming both the City and Malone as defendants. *Id.* at 455. They sought damages from

Malone, an injunction requiring Malone to shut down his home barbershop, and a writ of mandamus requiring the City to enforce its laws in the Beeches' preferred manner. *Id.* On August 7, 2014, the Beeches moved to amend their complaint in that case to request damages from the City and to include allegations that the city unconstitutionally denied them due process and equal protection. *Id.* The Beeches did not, however, request just compensation for an unconstitutional taking under the Fifth Amendment. *Id.* The Chancery Court did not permit the Beeches to amend their complaint and granted summary judgment to Malone and the City. *Id.*

On June 12, 2015, the Beeches filed their first complaint in this court pursuant to 42 U.S.C. § 1983, naming only the City as a defendant. *Beech v. City of Franklin, Tenn.*, No. 3:15-cv-00657, Docket No. 1 (M.D. Tenn. June 12, 2015). That complaint purported to plead one count, under the heading "CONTINUING VIOLATION BY THE CITY OF FRANKLIN OF PETITIONERS' CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAW AND TO DUE PROCESS OF LAW." That count, however, cited three alleged constitutional violations. First, the Beeches alleged that the City, by failing to "properly, regularly, even-handedly and impartially enforce" its laws, had violated the Equal Protection Clause of the Fourteenth Amendment. *Id.* ¶ 61. The Beeches next alleged that the City, through the same conduct, denied the Beeches' "federal rights guaranteed under the Due Process Clause of the Fourteenth Amendment." *Id.* ¶ 62. Finally, the Beeches alleged that the City's "actions constituted a deliberate taking, under color of law, in violation of the [Beeches'] federal rights guaranteed under the [Fifth] Amendment." *Id.* ¶ 63.

On August 8, 2016, Judge Todd J. Campbell granted summary judgment to the City, citing several alternative grounds, namely that the Beeches' claims were time-barred; they had failed to establish an unconstitutional policy, practice or custom; they had failed to establish that

Malone's barbershop was unlawful under the relevant zoning laws; they had failed to establish any economic impact of the City's toleration of Malone's business; and the City was immune to liability under the Tennessee Governmental Tort Liability Act. *Beech v. City of Franklin, Tenn.*, No. 3:15-cv-00657, Docket No. 42 at 4–6 (M.D. Tenn. June 12, 2015).

The Beeches appealed. Instead of ruling on the grounds for summary judgment that Judge Campbell had identified, the Sixth Circuit concluded that the Beeches' claims were not ripe because (1) their takings claim was unripe pursuant to *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), because the Beeches had not sought compensation through Tennessee's procedures and (2) their due process and equal protection claims were "ancillary to the takings claim." *Beech*, 67 F. App'x at 456 (citing *Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2005); *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 158–59 (6th Cir. 1992)). The Sixth Circuit remanded the case to this court with instructions to dismiss, which the court did on May 18, 2017. *Beech v. City of Franklin, Tenn.*, No. 3:15-cv-00657, Docket No. 51 (M.D. Tenn. May 18, 2017).

The Beeches filed their Complaint in this case on August 11, 2017. (Docket No. 1.) The Complaint is mostly identical to the prior federal complaint. The Beeches again plead one count under § 1983 for "CONTINUING VIOLATION BY THE CITY OF FRANKLIN OF PETITIONERS' CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAW AND TO DUE PROCESS OF LAW." (*Id.* at 22.) That count again cites three constitutional provisions: first the Equal Protection Clause, then the Due Process Clause, then the Takings Clause, recycling the prior complaint's language for each. (*Id.* ¶¶ 62–64.) The only meaningful differences between the new complaint and the prior complaint that either the court or the parties have been able to identify are that (1) the Beeches now purport, in the caption, to be asserting

their claims both on their own behalf and on the behalf of all other similarly situated persons; and (2) the Beeches have added some historical, political, and demographic background information about the City and their neighborhood's place within it. (*Id.* ¶ 2.) The new information provides an account of why the City's alleged decision to enforce its zoning laws more stringently in some neighborhoods than in others should be understood in the context of the broader history and current realities of race relations in Franklin. (*Id.*)

The City moved to dismiss the Beeches' claims on September 6, 2017. (Docket No. 7.) The next day, the City filed a motion seeking Rule 11 sanctions against the Beeches and their counsel, Scott Williams. (Docket No. 8.) Specifically, the City asks the court to award the City reasonable expenses and attorney's fees that it has incurred in this suit and enjoin the Beeches and Williams from filing any additional suits against the City arising from the same core facts. (*Id.* at 6–7.)

## II. LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

### III. ANALYSIS

#### A. Ripeness

The City argues first that the Beeches' claims are not ripe, just as the Sixth Circuit held they were not ripe in the prior case. The City does not rely explicitly on any argument based on issue preclusion or collateral estoppel, but instead argues for the claims' unripeness on the merits pursuant to the same reasoning adopted by the Sixth Circuit in the prior proceedings.

Challenges to local land use decisions are not ripe if the government entity being challenged has not issued a "final, definitive position regarding how it will apply the regulations at issue to the particular land in question." *Williamson Cty.*, 473 U.S. at 191. When the plaintiff's claim is premised on an alleged taking without just compensation, *Williamson County* further requires that the plaintiff "s[eek] 'compensation through the procedures the State has provided for doing so'" before filing suit. *Wilkins v. Daniels*, 744 F.3d 409, 417 (6th Cir. 2014) (quoting *Williamson Cty.*, 473 U.S. at 194).

Although *Williamson County* addressed only regulatory takings and due process claims, the Sixth Circuit has held that the finality requirement extends to other constitutional claims

6

based on land use decisions, including equal protection claims. *See Insomnia Inc. v. City of Memphis, Tennessee*, 278 F. App'x 609, 614 (6th Cir. 2008) ("While we have not addressed the ripeness issue in the context of a First Amendment challenge to land use, we have done so in cases raising other challenges to land use, including procedural due process claims, takings claims, substantive due process claims, and equal protection claims."); *see also Miles Christi Religious Order v. Twp. of Northville*, 629 F.3d 533, 537 (6th Cir. 2010) ("In addition to takings claims, we have applied the finality requirement to other constitutional and statutory challenges to local land use requirements."); *Grace Community Church v. Lenox Twp.*, 544 F.3d 609, 617 (6th Cir. 2008) (applying the finality requirement to an equal protection claim and finding it unripe). In *Beech I*, the Sixth Circuit explained that, based on its prior precedents, the second component of the *Williamson County* ripeness analysis—that the plaintiff must seek just compensation through state procedures—also applies to substantive due process and equal protection claims if those claims are "ancillary to a takings claim." 687 F. App'x at 456–57 (citing *Peters*, 427 F.3d at 1037; *Bigelow*, 970 F.2d at 158–59).

Applying these principles, the Sixth Circuit held, in *Beech I*, that none of the Beeches' claims were ripe because they had never sought just compensation. *Id.* The Beeches have now asserted the same claims, supplemented only with additional background that, illuminating as it may be of the dynamics underlying this conflict, is irrelevant to the question of ripeness. The court, accordingly, will hold, as the Sixth Circuit did, that the claims are unripe. The Beeches have advanced no argument that they have satisfied, or qualify for an exception from, the ripeness requirements for a takings claim, nor have they advanced any argument that their equal protection and due process claims are not ancillary to that claim.[2] Nor do the Beeches suggest

---

[2] The court notes, as the Sixth Circuit did in *Beech I*, that there has been some disagreement and confusion in this circuit regarding when and whether equal protection claims should be considered

7

that the newly added bare allegation that they represent the interests of unnamed, similarly situated others can solve their ripeness problem. The court, accordingly, will dismiss the Beeches' claims, just as it did before.

## B. Rule 11 Sanctions

The City asks the court to assess Rule 11 sanctions against the Beeches and their counsel for having filed what is essentially a slightly adorned version of their prior federal case, without rectifying the ripeness defect that had proven fatal before. The Beeches respond that such sanctions are uncalled-for and that the City, moreover, has failed to follow the procedures required for the imposition of sanctions under Rule 11.

Rule 11 includes a "safe harbor" provision providing that a motion for Rule 11 sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The Advisory Committee comments to the 1993 amendments to Rule 11, which added the "safe harbor" provision, state, in part, "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the 'safe harbor' period begins to run only upon service of the motion." The Sixth Circuit has construed the "safe harbor" provision to establish that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997), *quoted in Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 107 (6th Cir. 2009).

---

ancillary to simultaneously pled takings claims. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574 (6th Cir. 2008) (discussing "conflicting case law" regarding treatment of equal protection claims as ancillary to takings claims). This case—where the exact same claim, pled in virtually the exact same form, has already been held to be ancillary and unripe—is no occasion to delve into the full range of possible applications of the Sixth Circuit's cases on that point.

The Certificate of Service to the City's Motion for Sanctions states that the Motion was served, via the court's electronic filing system, on the day it was filed. (Docket No. 8 at 7.) The City has, moreover, filed no reply to contradict the Beeches' assertion in their Response that they were not served with the motion twenty-one days prior to filing. (*See* Docket No. 10 at 7.) The City has therefore failed to establish, or even make any efforts to establish, that it complied with Rule 11, and its motion will be denied.

### IV. CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss (Docket No. 7) is **GRANTED** and its Motion for Sanctions (Docket No. 8) is **DENIED**. The Beeches' claims are **DISMISSED**.

Entry of this Order shall constitute final judgment in this case pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

Enter this 16th day of January 2018.

_____
ALETA A. TRAUGER
United States District Judge